Exhibit "B"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2022**

E-Filing Number: 2203003369

**000295**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>MICHAEL A.. ROEDER, AN INCAPACITATED PERSON, BY GLORIA ROEDER | **DEFENDANT'S NAME**<br>GIANT FOOD STORES, LLC, ALIAS: D/B/A GIANT PHARMACY #6314 |
| **PLAINTIFF'S ADDRESS**<br>5002 ROUTE 309, LOT 930<br>CENTER VALLEY PA 18034 | **DEFENDANT'S ADDRESS**<br>1149 HARRISBURG PIKE<br>CARLISLE PA 17013 |
| **PLAINTIFF'S NAME**<br>GLORIA ROEDER, INDIVIDUALLY | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS**<br>5002 ROUTE 309, LOT 930<br>CENTER VALLEY PA 18034 | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS<br>2 | TOTAL NUMBER OF DEFENDANTS<br>1 | COMMENCEMENT OF ACTION<br>[X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br>MAR **02** 2022<br>**S. RICE** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES        NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MICHAEL A. ROEDER, AN INCAPACITATED</u>
Papers may be served at the address set forth below. <u>PERSON, BY GLORIA ROEDER , GLORIA R</u>

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>CHRISTOPHER M. REID | ADDRESS<br>CROWNPOINTE CORPORATE CENTER<br>3101 EMRICK BOULEVARD, STE 205<br>BETHLEHEM PA 18020 |
|---|---|
| PHONE NUMBER<br>(610)258-6184 | FAX NUMBER<br>(610)258-0390 | |
| SUPREME COURT IDENTIFICATION NO.<br>84231 | E-MAIL ADDRESS<br>mrw@valleyinjury.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>CHRISTOPHER REID | DATE SUBMITTED<br>Wednesday, March 02, 2022, 10:10 am |

FINAL COPY (Approved by the Prothonotary Clerk)

03/08/2022   12:20PM (GMT-05:00)

**HOF & REID, LLC**
BY: CHRISTOPHER M. REID, ESQ.
ATTY #: 84231
BY: ISAAC A. HOF, ESQ.
ATTY #: 314094
BY: J. RANDALL KEISER, JR., ESQ.
ATTY #: 320748
CrownPointe Corporate Center
3101 Emrick Blvd., Suite 205                    ATTORNEYS FOR PLAINTIFFS
Bethlehem, PA 18020                             THIS IS A MAJOR JURY MATTER

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL DIVISION

MICHAEL ALAN ROEDER, an
incapacitated person, by GLORIA
ROEDER Guardian, and GLORIA                     _____ TERM,
ROEDER, individually, as husband and            No. _____
wife,
5002 Route 309, Lot 930
Center Valley, PA 18034                          CIVIL ACTION - LAW

                        Plaintiffs,

                                                 JURY TRIAL DEMANDED OF
        v.                                       TWELVE (12) JURORS WITH
                                                 TWO (2) ALTERNATES.
GIANT FOOD STORES, LLC d/b/a
GIANT PHARMACY #6314,
216 Fairmount Street
Coopersburg, PA 18036,

                        Defendant.



### CIVIL ACTION COMPLAINT

COME NOW, Plaintiff, Michael Alan Roeder, An Incapacitated Person, by Gloria

Roeder, Guardian, and Gloria Roeder, individually, as husband and wife, by and through their

undersigned counsel, Hof & Reid, LLC, and aver as follows:

Case ID: 220300295

**HOF & REID, LLC**
BY: CHRISTOPHER M. REID, ESQ.
ATTY #: 84231
BY: ISAAC A. HOF, ESQ.
ATTY #: 314094
BY: J. RANDALL KEISER, JR., ESQ.
ATTY #: 320748
CrownPointe Corporate Center
3101 Emrick Blvd., Suite 205
Bethlehem, PA 18020



Filed and Attested by the
Office of Judicial Records
02 MAR 2022 11:?? am

ATTORNEYS FOR PLAINTIFFS
THIS IS A MAJOR JURY MATTER

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL DIVISION

MICHAEL ALAN ROEDER, an
incapacitated person, by GLORIA
ROEDER Guardian, and GLORIA
ROEDER, individually, as husband and
wife,

                    Plaintiffs,

        v.

GIANT FOOD STORES, LLC d/b/a
GIANT PHARMACY #6314,

                    Defendant.

_____ TERM,

No. _____

CIVIL ACTION - LAW

JURY TRIAL DEMANDED OF
TWELVE (12) JURORS WITH
TWO (2) ALTERNATES.

### NOTICE TO DEFEND

**HOF
& REID,**LLC

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede |

Case ID: 220300295

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone (215) 238-1701

perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Respectfully Submitted,

Date:    March 1, 2022

HOF & REID, LLC

Christopher M. Reid, Esquire
I.D. No. 84231
Isaac A. Hof, Esquire
I.D. No. 314094
J. Randall Keiser, Jr., Esquire
I.D. No. 320748

CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem PA 18020
Telephone:    (610) 258-6184
Facsimile:    (610) 258-0390

Attorneys for Plaintiffs

-2-

Case ID: 220300295

03/08/2022    12:20PM (GMT-05:00)

## THE PARTIES

1.     Plaintiff, Michael Alan Roeder, An Incapacitated Person, by Guardian, Gloria Roeder,[1] 43 years old at the time of the incident described herein, is an adult individual currently residing at ProMedica Skilled Nursing & Rehabilitation, 2029 Westgate Drive, Bethlehem, PA 18017, who has been found incapacitated as a result of his injuries described herein.

2.     Plaintiff, Gloria Roeder, the wife of Michael A. Roeder (hereinafter "Gloria Roeder"), was appointed plenary guardian via the Final Order of The Honorable Judge Michele A. Varricchio, dated December 16, 2021, after finding Plaintiff to be incapacitated. See Exhibit "A."

3.     Gloria Roeder, is an adult individual and the Guardian for Michael A. Roeder, who currently resides at 5003 Route 309, Lot 930, Center Valley, Pennsylvania 18034.

4.     Defendant, Giant Food Stores, LLC d/b/a Giant Pharmacy #6314 (hereinafter "Giant"), is a limited liability company organized and existing under the laws of Pennsylvania, with a principal place of business located at 1149 Harrisburg Pike, Carlisle, PA 17013, and which operates a Giant Food Store and Giant Pharmacy #6314 at 216 Fairmount Street, Coopersburg, PA 18036.

5.     At all times material hereto, as described below, the subject Giant Pharmacy #6314 is located within the Giant store located at 216 Fairmount Street, Coopersburg, PA 18036 (hereinafter referred to as the "Giant pharmacy") and is owned and operated by Giant.

6.     At all times pertinent hereto, and as described further herein, Giant acted by and through its authorized employees, agents, servants, subcontractors, and/or other duly

---

[1] Unless indicated otherwise, the term "Plaintiff" herein shall refer to Plaintiff, Michael Alan Roeder.

Case ID: 220300295

03/08/2022   12:20PM  (GMT-05:00)

authorized representatives. References hereinafter to acts and omissions of Giant denote acts and omissions of Giant by and through its duly authorized employees, agents, servants, subcontractors, and/or other duly authorized representatives.

## VENUE

7.      Venue is proper in Philadelphia County as Giant regularly and routinely conducts business and operates multiple Giant stores and Giant pharmacies in the County of Philadelphia.

## JURISDICTION

8.      The amount in controversy exceeds the amount established by and for the Court of Common Pleas of Philadelphia County requiring compulsory arbitration in that the amount in controversy exceeds Fifty Thousand Dollars ($50,000.00).

## FACTS

9.      On June 11, 2021, at 10:00 a.m., Plaintiff, Michael A. Roeder was scheduled to appear for an appointment at the Giant pharmacy located within the Giant store located at 216 Fairmount Street, Coopersburg, PA 18036 for the first of his two-dose Moderna vaccination regime to protect against COVID-19.

10.     On the aforesaid date, at approximately 9:55 a.m., Plaintiffs, Michael A. Roeder and Gloria Roeder, arrived at the Giant pharmacy as business invitees.

11.     Prior to receiving the vaccination, Plaintiff, Michael A. Roeder, was asked to complete "Giant/Martins Pharmacy COVID-19 Vaccine Informed Consent" form.  See Exhibit "B."

12.     In said form, Plaintiff confirmed that, among other things, he was not feeling ill on the date of his vaccination, that he never had any allergic reaction to any component of

-3-

the COVID-19 vaccine, and that he never had a severe allergic reaction to something other than a component of the COVID-19 vaccine. See Exhibit "B."

13.    After completing the form, Plaintiff informed the Giant pharmacist, Kimberly Terry, Pharm. D. (hereinafter "Giant's Pharmacist" or the "Pharmacist"), that he had consumed two glasses of water in anticipation/expectation of receiving the vaccination.

14.    The Pharmacist acknowledged his statement and advised that the consumption of water was not necessary prior to the first dose of the vaccination.

15.    Prior to receiving his COVID-19 shot, Plaintiff mentioned to the Pharmacist that he needed to use the restroom.

16.    In response, the Pharmacist instructed Plaintiff that he should wait to use the restroom until after his COVID-19 shot.

17.    At approximately 10:00 a.m. on June 11, 2021, the Pharmacist administered the first of the two-dose regimen of the Moderna (0.5 mL) COVID-19 vaccination into Plaintiff's left arm.

18.    After the administration of the vaccine, Plaintiff did not have any direct or immediate side effects as a result of the COVID-19 vaccination.[2]

19.    After the administration of the vaccination without complication, the Pharmacist provided Plaintiff with his COVID-19 vaccination card. See Exhibit "C."

20.    Giant's Pharmacist then advised Plaintiff that he should stay inside the Giant store for the next fifteen (15) minutes, but that he did not need to wait in the Giant pharmacy waiting area.

---

[2] To be clear, Plaintiffs do not contend that the Moderna vaccine itself, or the administration of said vaccine, caused any direct harm. To the contrary, and as described further herein, Plaintiff suffered injuries as a result of Giant's nonfeasance, including the failure to supervise Plaintiff, or advise Plaintiff to sit or lay down in the prescribed waiting area, for fifteen (15) minutes after the administration of the vaccine.

Case ID: 220300295

03/08/2022   12:20PM   (GMT-05:00)

21.     To the contrary, the Pharmacist expressly told Plaintiff that he could proceed to the restroom (outside the area of the Giant pharmacy) and shop throughout the Giant store while he waited for the fifteen (15) minute time period to expire.

22.     At all times pertinent hereto, Giant and the Pharmacist were aware of the guidelines for the Centers for Disease Control and Prevention ("CDC"), which direct that after a patient undergoes any routine vaccination, that patient should remain under observation, seated or lying down, for at least fifteen (15) minutes.

23.     Giant and the Pharmacist were aware that the reason for the observation period is to prevent injury to patients who are at increased risk of suffering vasovagal syncope episodes after the administration of any routine vaccination.

24.     Neither Giant nor the Pharmacist instructed Plaintiff to remain seated or lying down for fifteen (15) minutes under observation.

25.     Neither Giant nor the Pharmacist instructed Plaintiff to remain under supervision within the Giant pharmacy area where the vaccine was administered.

26.     Instead, the Pharmacist provided Plaintiff with his COVID-19 vaccination card and encouraged Plaintiff to leave the area of the pharmacy area of the store. See Exhibit "C."

27.     After leaving the pharmacy area of the subject Giant store with his COVID-19 vaccination card, Plaintiff and his wife, Gloria Roeder, proceeded to the Giant-store restrooms.

28.     There is no restroom in or near the pharmacy area where the vaccine was administered that is available for the use of patients.

29.     The restroom available for pharmacy patients, as well as customers of the Giant store, is located within the larger area of the Giant store.

Case ID: 220300295

03/08/2022   12:20PM (GMT-05:00)

30.     On June 11, 2021, at approximately 10:05 a.m., Plaintiff entered the men's restroom located in the Giant store.

31.     While Gloria Roeder was waiting for her husband to return from the men's restroom, another male customer of the Giant store entered the same restroom. That customer immediately exited the restroom and stated that he observed a man, later identified as Plaintiff, laying unresponsive on the floor.

32.     Gloria Roeder entered the men's restroom and observed her husband lying face-up on the floor, unconscious, making involuntary audible sounds, and bleeding from the back of his skull.

33.     Plaintiff was evaluated by an off-duty emergency room doctor called to the men's restroom.  The doctor assessed Plaintiff as having a total Glasgow Coma Scale score of 5.

34.     Plaintiff was rushed to the emergency room and subsequently diagnosed with multiple skull fractures, multiple intracranial bleeds, and placed in a medically induced coma.

35.     Since the incident, Plaintiff has suffered catastrophic and life-altering injuries and has not regained his ability to speak or function.

## COUNT I – NEGLIGENCE – VICARIOUS LIABILITY

### Gloria Roeder, as plenary guardian of Michael A. Roeder
### v.
### Giant Food Stores, LLC d/b/a Giant Pharmacy #6314

36.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though the same were set forth herein at length.

37.     At the time of the subject incident, Plaintiff was a customer and was a business invitee on Giant's premises.

Case ID: 220300295

03/08/2022   12:20PM  (GMT-05:00)

38.     As a business invitee, Giant owed the highest duty of care to its customers, including Plaintiff.

39.     The negligence and carelessness of Giant, by and through their duly authorized employees, agents, workers, servants, and/or representatives consisted of the following:

a.  Failing to require or instruct patients such as Plaintiff to remain under observation, seated or laying down, for fifteen (15) minutes after the administration of a vaccine;

b.  Failing to provide Plaintiff with a safe environment;

c.  Failing to provide Plaintiff with a waiting room and/or a location to sit and/or lie down after the vaccination;

d.  Failing to take all measures necessary under the circumstances to protect business invitees, such as Plaintiff, lawfully upon said premises from a foreseeable risk of injury when it knew or should have known of dangers posed to Plaintiff when allowing him to traverse the store unsupervised after the administration of a vaccine;

e.  Failing to supervise or monitor its patient after providing medical treatment;

f.  Failing to supervise or monitor its patient after administering a vaccine;

g.  Failing to provide adequate supervision and care to prevent Plaintiff from falling to the ground;

h.  Failing to exercise reasonable care in supervising its business invitee and patient, Plaintiff, Michael A. Roeder;

i.  Failing to exercise reasonable care in supervising its business invitee and patient, Plaintiff when Giant and Giant's agents and employees knew that Plaintiff, was at an increased risk to suffer a vasovagal syncope episode;

j.  Failing to supervise Plaintiff, in order to prevent a fall to the ground;

k.  Failing to comply with adequate safety protocols so as to prevent injuries;

l.  Failing to comply with federal and state guidance on observation periods post-vaccination administration;

m.  Failing to require business invitee and patient, Plaintiff to remain in the pharmacy setting for observation and supervision after the administration of a vaccine;

n.  Failing to require business invitee and patient, Plaintiff to remain in the pharmacy setting for observation and supervision where Defendant and Defendant's agents

Case ID: 220300295

03/08/2022   12:20PM  (GMT-05:00)

and employees knew or should have known that patients, including Plaintiff, are at an increased risk of suffering a vasovagal syncope episode within the first fifteen (15) minutes after the administration of a vaccine;

o. Failing to comply with the CDC guidance regarding observation and supervision of its patients, including Plaintiff;

p. Failing to comply with the CDC and other federal guidance regarding observation and supervision of its patients, including Plaintiff, when Defendant and Defendant's agents and employees knew or should have known about the increased risk of a patient suffering a vasovagal syncope episode within the first fifteen (15) minutes after the administration of a vaccine; and

q. Failing to comply with Best Practices Guidance of the Advisory Committee on Immunization Practices (ACIP) and other federal CDC and state guidance/guidelines regarding vaccination and waiting periods after vaccination.

40.   As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff has suffered pain, discomfort, including injuries that include, but are not limited to: multiple skull fractures, multiple traumatic brain injuries, multiple subdural hematomas and hemorrhages, the inability to speak / loss of verbal communication, the inability to eat without a feeding tube, septic shock, acute deep vein thrombosis (DVT) of brachial vein of left upper extremity, superficial thrombophlebitis of both upper extremities, and other permanent and serious injuries that require constant and permanent assistance.

41.   As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff was caused to incur and expend various and diverse sums of money for medical care and treatment.

42.   As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff underwent extensive and complicated surgical procedures, brain surgeries, constant medical supervision, diagnostic tests, therapy, and medical treatment necessitated by Defendants' negligence and, as a result, was caused to sustain a variety of serious and permanent injuries from which he has suffered, still suffers and will continue to suffer into the indefinite future.

Case ID: 220300295

03/08/2022   12:20PM (GMT-05:00)

43.     As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff will be required to undergo complicated and extensive surgical procedures, diagnostic testing, therapy, and medical treatment for the rest of his life.

44.     As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff has suffered, still suffers and will continue to suffer for the remainder of his life, great physical pain, mental anguish, emotional distress, embarrassment, humiliation, permanent injuries, permanent disfigurement, scarring, fear, shock, and loss of life's pleasure.

45.     As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff has been and will be for the rest of his life obligated to incur and/or expend various and diverse sums of money for the above-referenced medical treatment, hospital care, skilled nursing care, physical therapy, diagnostic testing, medications, surgery, as well as medical appliances for which he is entitled to be compensated.

46.     As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff, who was 43 years old on the date of the incident, is and will be unable to pursue his occupation for a period of time and potentially, the reminder of his remaining work life expectancy.

47.     As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff has suffered a loss of earnings.

48.     As a direct and proximate result of the failures and omissions of Defendant, as described heretofore, Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of his age and circumstances, and Plaintiff has suffered a loss of enjoyment of life, loss of happiness and loss of pleasure of life up to the date of the filing of this Complaint and will continue to suffer the same throughout the remainder of his life.

Case ID: 220300295

03/08/2022   12:20PM (GMT-05:00)

**WHEREFORE**, Plaintiff, Michael A. Roeder, An Incapacitated Person, by Gloria Roeder, Guardian, demands judgment in his favor and against Defendant, in an amount that exceeds the $50,000 jurisdictional requirement for arbitration, exclusive of interests and costs, together with costs, delay damages, interest and all other damages legally appropriate, to be determined at the time of trial.

Plaintiff further demands a trial by a jury of twelve (12) jurors with two (2) alternates of her peers to determine her cause.

## COUNT II – CORPORATE NEGLIGENCE
Michael A. Roeder, An Incapacitated Person, by Gloria Roeder, Guardian
v.
Defendant, Giant Food Stores, LLC d/b/a Giant Pharmacy #6314

49.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though set forth herein at length.

50.     At all times relevant hereto, Giant maintains a pharmacy, Giant Pharmacy #6314, that offered various pharmacy services to customers of Giant, including health screenings, prescription medications, immunization services, and other services to patients such as Plaintiff.

51.     At all times relevant hereto, Giant, through its pharmacy, made provisions for the delivery of medical services including, but not limited to, vaccination services.

52.     The negligence, carelessness and deviations from appropriate standards of care of Giant, separate and apart from the negligence, carelessness and deviations from the appropriate standards of care of any other responsible party, included of the following:

    a.    Failing to ensure that only competent and knowledgeable pharmacy staff were assigned to assist patients;

    b.    Failing to train, instruct, and/or monitor staff in overseeing patients after receiving vaccines;

    c.    Failing to provide adequate oversight to its patients and business

-10-

invitees as to avoid preventable falls, such as the fall described herein;

d. Failing to train, instruct, and/or monitor staff so as to avoid preventable falls, such as the fall described herein;

e. Failing to ensure its pharmacy staff complied with proper state and federal guidelines as to post-vaccine patient observation;

f. Failing to train, instruct, and/or monitor its pharmacy staff to comply with proper state and federal guidelines as to patient observation after the administration of a vaccine;

g. Failing to instruct, train, and/or monitor staff regarding the appropriate measures of observation of patients after the administration of a vaccine;

h. Failing to enact, follow, and/or enforce policies that provide for proper supervision of Giant pharmacy patients;

i. Failing to supervise its staff with respect to care of Giant pharmacy patients;

i. Failing to properly supervise and train Giant's agents and/or servants who are responsible for the care, treatment, and oversight of patients such as Plaintiff;

j. Failing to implement appropriate interventions and thereby allowing Plaintiff to fall and sustain serious and permanent injuries;

k. Failing to enact, follow, and/or enforce the policies of Giant regarding the observation of patients after the administration of a vaccine;

l. Failing to establish written standards, policies, and procedures to protect its customers after the administration of a vaccine;

m. Failing to follow written standards, policies, and procedures to protect its customers after the administration of a vaccine;

n. Failing to establish written standards, policies, and procedures to protect against fall incidents after the administration of a vaccine;

o. Failing to follow written standards, policies, and procedures to protect against fall incidents after the administration of a vaccine;

p. Failing to establish written standards, policies, and procedures to protect against preventable falls;

-11-

Case ID: 220300295

q.   Failing to follow written standards, policies, and procedures to protect against preventable falls;

r.   Failing to provide adequate training and education to caregiving staff, including its pharmacists for the care of patients;

s.   Failing to ensure its employees had adequate training and education to caregiving staff, including its pharmacists for the care of patients;

t.   Permitting the Pharmacist to attend to the care of Plaintiff where Giant knew or should have known that the Pharmacist lacked the skill and/or credentials required or which Defendant should have required for the aforementioned care;

u.   Violating and/or disregarding the standards and recommendations relating to the rendering of care for Plaintiff;

v.   Failing to maintain appropriate staffing levels;

w.   Failing to have a safety monitoring team competent in responding to incidents after the administration of a vaccine;

x.   Failing to carry out and follow standing orders, instructions, and protocol regarding observation of patients, such as Plaintiff after the administration of a vaccine;

y.   Failing to use the degree of care, skill, and diligence used by other pharmacies in the same or similar communities and circumstances;

aa.  Failing to instruct its patients, including Plaintiff, prior to the administration of a vaccine, to remain in the pharmacy area, and to remain seated or lay down for observation during the first fifteen (15) minutes after the administration of the vaccine; and

bb.  Failing to provide written materials to its patients, including Plaintiff, prior to the administration of a vaccine, regarding the importance of remaining the in the pharmacy area, and the importance of sitting or lying down for observation during the first fifteen (15) minutes after the administration of the vaccine.

53.  As a direct and proximate result of the aforesaid negligence of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff has suffered pain, discomfort, including injuries that include, but are not limited to: multiple skull

-12-

Case ID: 220300295

fractures, multiple traumatic brain injuries, multiple subdural hematomas and hemorrhages, the inability to speak / loss of verbal communication, the inability to eat without a feeding tube, septic shock, acute deep vein thrombosis (DVT) of brachial vein of left upper extremity, superficial thrombophlebitis of both upper extremities, and other permanent and serious injuries that require constant assistance.

54.     As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff was caused to incur and expend various and diverse sums of money for medical care and treatment.

55.     As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff underwent extensive and complicated surgical procedures, brain surgeries, constant medical supervision, diagnostic tests, therapy, and medical treatment necessitated by Defendant's negligence and, as a result, was caused to sustain a variety of serious and permanent injuries from which he has suffered, still suffers and will continue to suffer into the indefinite future.

56.     As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff will be required to undergo complicated and extensive surgical procedures, diagnostic testing, therapy, and medical treatment for the rest of his life.

57.     As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff has suffered, still suffers and will continue to suffer for the remainder of his life, great

Case ID: 220300295

03/08/2022   12:20PM  (GMT-05:00)

physical pain, mental anguish, emotional distress, embarrassment, humiliation, permanent injuries, scarring, fear, shock, and loss of life's pleasure.

58.    As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff has been and will be for the rest of his life obligated to incur and/or expend various and diverse sums of money for the above-referenced medical treatment, hospital care, skilled nursing care, physical therapy, diagnostic testing, medications, surgery, as well as medical appliances for which he is entitled to be compensated.

59.    As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff is and will be unable to pursue his occupation for a period of time and potentially, the reminder of his remaining work life expectancy.

60.    As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff has suffered a loss of earnings.

61.    As a direct and proximate result of the failures and omissions of Giant, separate and apart from the negligence and carelessness of any other responsible party, Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of Plaintiff's age and circumstances, and Plaintiff has suffered a loss of enjoyment of life, loss of happiness and loss of pleasure of life up to the date of the filing of this Complaint and will continue to suffer the same throughout the remainder of his life.

**WHEREFORE**, Plaintiff, Michael A. Roeder, An Incapacitated Person, by Gloria Roeder, Guardian, demands judgment in his favor and against Giant in an amount that exceeds the $50,000 jurisdictional requirement for arbitration, exclusive of interests and costs, together

Case ID: 220300295

03/08/2022   12:20PM   (GMT-05:00)

with costs, delay damages, interest and all other damages legally appropriate, to be determined at the time of trial.

Plaintiff further demands a trial by a jury of twelve (12) jurors with two (2) alternates of her peers to determine her cause.

### COUNT III - Loss of Consortium
### Gloria Roeder, individually,
v.
### Defendants, Giant Food Stores, LLC d/b/a Giant Pharmacy #6314

62.     Gloria Roeder, individually, incorporates by reference the preceding paragraphs of this Complaint as though set forth herein at length.

63.     Gloria Roeder, is and was the wife of Plaintiff on the date of the alleged incident.

64.     As a result of the permanent and life-altering injuries suffered by Plaintiff, as described aforesaid, Gloria Roeder, has and will in the future suffer the loss of usual services and consortium of her husband and has been required to provide special services and care to her husband.

WHEREFORE, Plaintiff, Gloria Roeder, individually, demands judgment in her favor and against Giant, in an amount that exceeds the $50,000 jurisdictional requirement for arbitration, exclusive of interests and costs, together with costs, delay damages, interest and all other damages legally appropriate, to be determined at the time of trial.

Plaintiff further demands a trial by a jury of twelve (12) jurors with two (2) alternates of her peers to determine her cause.

-15-

Case ID: 220300295

03/08/2022   12:20PM  (GMT-05:00)

Respectfully Submitted,

Date:   March 2, 2022

HOF & REID, LLC

Christopher M. Reid, Esquire
I.D. No. 84231
Isaac A. Hof, Esquire
I.D. No. 314094
J. Randall Keiser, Jr., Esquire
I.D. No. 320748

CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem PA 18020
Telephone:      (610) 258-6184
Facsimile:      (610) 258-0390

Attorneys for Plaintiffs

-16-

Case ID: 220300295

## VERIFICATION

The undersigned having read the attached pleading verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Date: _February 23 2022_                 _Gloria Roeder_
                                        Gloria Roeder



Filed and Attested by the
Office of Judicial Records
02 MAR 2022 11:51 am

# EXHIBIT "A"

Case ID: 220300295

03/08/2022   12:20PM (GMT-05:00)

12/16/2021 13:50 FAX 6107823928          LC ORPHANS COURT                    ☎ 0002/0008



**DEC 16 2021**

Court of Common Pleas
of Lehigh County, PA
Orphans' Court Division

## IN THE COURT OF COMMON PLEAS LEHIGH COUNTY, PENNSYLVANIA ORPHANS' COURT DIVISION

IN RE: MICHAEL ALAN ROEDER, AN INCAPACITATED    :      FILE NO. 2021-1572
PERSON                                          :
                                                :

## NOTICE OF ENTRY OF ORDER

To: **NAME**                    **FAX/EMAIL/MAILING ADDRESS**
    James L. Reich, Esq              610-433-3345

Pursuant to Pa. O.C. Rule 4.6(a) you are hereby notified of the entry of *Order* dated December 16, 2021 on the date of the time-stamp appearing on the enclosed copy.

Date: December 16, 2021                 BY:

                                        Kristin Sell,
                                        Assistant Clerk of Orphans' Court



**DEC 1 6 2021**

Court of Common Pleas
of Lehigh County, PA
Orphans' Court Division

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
ORPHANS' COURT DIVISION

In re:
MICHAEL ALAN ROEDER,      :
      An incapacitated person    : File No. 2021-1572
                :

## FINAL ORDER

NOW, this **16ᵗʰ** day of December, 2021, upon consideration of the July 26, 2021 *Petition for Determination of Incapacity and Appointment of a Plenary Guardian of the Person and Estate* (hereafter, "Petition"), filed by Gloria Roeder (hereafter "Petitioner"), and proof of service upon Michael Alan Roeder and other interested parties as directed by *Preliminary Order Reissuing Citation* issued October 8, 2021, and after hearing held *via* advanced electronic technology on December 13, 2021, attended by the Petitioner and her counsel, James L. Reich, Esquire, at which hearing Michael Alan Roeder was not present and the testimony of Petitioner was placed upon the record; and upon consideration of the *Expert Report* dated October 4, 2021 completed by Deborah N. Kimmel, M.D., filed October 18, 2021;

IT IS ORDERED that:

1. Attendance at the hearing would be harmful to Michael Alan Roeder.

Case ID: 220300295

2. Michael Alan Roeder, is declared to be an incapacitated person, his ability to receive and evaluate information effectively and communicate decisions being significantly impaired due to his disabilities. He is in need of plenary guardianship services of his person and estate; his spouse is willing and able to undertake such duties.

3. At this time no durable Powers of Attorney, living will or will are known to exist. Any financial powers of attorney of Michael Alan Roeder, are hereby made void.

4. Gloria Roeder is appointed Plenary Guardian of the Estate of Michael Alan Roeder, an incapacitated person. This appointment shall continue until further Order of Court. The Plenary Guardian of the Estate shall have full power and authority over all aspects of the assets of Michael Alan Roeder, including, but not limited to: access to any and all assets, records, and accounts of Michael Alan Roeder; authority to transfer, retitle, withdraw or otherwise exercise dominion and control over any and all assets, records and accounts of Michael Alan Roeder Failure or refusal of any financial institution, annuity company, insurance company, brokerage company or any other person/entity to recognize the authority of Gloria Roeder as Plenary Guardian of the Estate of Michael Alan Roeder, upon presentation of a time-stamped copy of this *Final Order* and satisfactory identification, may lead to contempt proceedings and the imposition of sanctions.

5. Pursuant to 20 Pa.C.S.A. §§5521(c) and 5142 the Plenary Guardian of the Estate shall file an Inventory[1] within three (3) months of the date of this *Final Order.*

6. One year from the date of this *Final Order,* and annually thereafter, the Plenary Guardian of the Estate shall file the Report required by 20 Pa.C.S.A. §5521(c)(i),[2] provided however, that the Plenary Guardian of the Estate shall file a final report within thirty (30) days of the death of her ward.

7. The Plenary Guardian of the Estate is authorized and directed to make a prompt and diligent search for any deposits in any banking institutions or any other assets which may be in the name of Michael Alan Roeder, and one or more other persons and, upon locating any such jointly owned deposit or deposits, to serve a copy of this *Final Order* upon the financial institution, which shall operate as an order upon such financial institution not to pay out such jointly owned deposit or any part thereof, except upon further Order of this Court. Provided however, that upon presentment of a copy of this *Final Order,* together with the written consent of the other joint owner[s] or his/her legal representative, the financial institution shall permit the Plenary Guardian of the

---

[1] Supreme Court Orphans' Court Form G-05 must be used.
[2] Supreme Court Orphans' Court Form G-02 must be used.

2

Case ID: 220300295

03/08/2022   12:20PM  (GMT-05:00)

Estate to access her ward's share of accounts owned jointly by her ward and one or more other persons.

8. The Plenary Guardian of the Estate is authorized to establish a burial fund or purchase pre-paid funeral arrangements in the event the same do not currently exist, and shall serve without bond.

9. Gloria Roeder is appointed Plenary Guardian of the Person of her spouse, Michael Alan Roeder. The Plenary Guardian of the Person shall have the power and responsibility of determining the place at which Michael Alan Roeder, shall reside, and all matters regarding his general care, maintenance, and custody. The Plenary Guardian of the Person shall assure that Michael Alan Roeder, receives such medical, social and other services as are appropriate for the purpose of maintaining his maximum self-reliance and independence to the extent possible without risk to his safety or the safety of others. Further, the Plenary Guardian of the Person is empowered to provide any required consents or approvals on her ward's behalf. Failure or refusal of any person/institution/service provider or other entity to recognize the authority of Gloria Roeder as Guardian of the Person of Michael Alan Roeder, upon presentation of a time-stamped copy of this *Final Order* and satisfactory identification, may lead to contempt proceedings and the imposition of sanctions.

10. One year from the date of this *Final Order* and annually thereafter, the Plenary Guardian of the Person shall file the report required by 20 Pa.C.S.A. §5521(c)(ii),[3] provided however that the Plenary Guardian of the Person shall file a final report within thirty (30) days of the death of her ward, and, notwithstanding the directions to the contrary appearing on form G-03, shall complete all sections.

11. The Plenary Guardian of the Estate shall serve notice of the filing of the Inventory and the annual reports required by 20 Pa.C.S.A. §5521(c)(i) upon: Barry Roeder, father, Susan Roeder, mother, and Brian Roeder, brother, pursuant to Pa. O.C. Rule 14.8(b)

12. If/when Michael Alan Roeder, has qualified for Medical Assistance, and until further Order of Court: (a) the minimum monthly allowance for guardianship services (which is currently $100.00) shall be paid from the monthly income of Michael Alan Roeder, to the duly appointed Plenary Guardian the Estate and Person on account of guardianship services rendered; and (b) delivery of a time-stamped copy of this *Final Order* to any party or entity receiving or controlling the monthly income of Michael Alan Roeder, an incapacitated person, shall operate as an order and direction to such party or entity to make payment of the sums required by the *Final Order* without further action by the Guardian of the Estate and Person.

---

[3] Supreme Court Orphans' Court Form G-03 must be used.

Case ID: 220300295

03/08/2022   12:20PM (GMT-05:00)

sums required by the *Final Order* without further action by the Guardian of the Estate and Person.

This *Final Order* has taken into consideration the requirements of 20 Pa.C.S.A. § 5512.1. The Court's findings of fact and conclusions of law have been placed on the record at the December 13, 2021 evidentiary hearing at which Cara Harris was the official court reporter.

The Guardian of the Person shall inform Michael Alan Roeder, of the right to: seek reconsideration of this Order pursuant to Pa.O.C. Rule 8.2; appeal this *Final Order* within thirty (30) days to this Commonwealth's Superior Court; file a Petition for Review Hearing at any time to request that this *Final Order* be modified or terminated by this Court; and request that counsel be appointed to assist him with any of the foregoing if he is unable to afford an attorney.

BY THE COURT:

Michele A. Varricchio, J.

CERTIFIED COPY
CLERK OF ORPHANS' COURT
LEHIGH COUNTY, ALLENTOWN, PA
BY
ASST./CLERK OF ORPHANS' COURT

4

Case ID: 220300295



# EXHIBIT "B"

Case ID: 220300295

03/08/2022   12:20PM (GMT-05:00)

7-9-21

**Giant/Martins Pharmacy COVID-19 Vaccine Informed Consent**

| Store Number: 6314 | Appointment Date: 06/11/2021 10:00am | Confirmation Number: 4001483 |
|---|---|---|

| First Name: Michael | Middle Name: Alan | Last Name: Roeder | Date of Birth: [redacted] Age: 43   Gender: Male |
|---|---|---|---|

Address: 5002 Route 309 lot 930
Zip: 18034     City: Center Valley     County: Lehigh     State: PA

Email Address: Mroederchgw@gmail.com

Home Phone: [redacted]     Mobile Phone: [redacted]     I would like a copy of this consent ☐

Primary Care Provider: South side family medical     Provider Phone Number: 610-674-4550
Provider Address: 1648 S 4th st Allentown Pa 18103     I do not currently have a Primary Care
Provider ☐

Race: ☐ Asian ☐ Black/African American ☒ White ☐ Other ☐ Unknown   Ethnicity: ☐ Hispanic or Latino
☐ Native Hawaiian/Other Pacific Islander ☐ American Indian/Alaskan Native   ☒ Not Hispanic or Latino ☐ Unknown

Do you have a red/white/blue Medicare card?   Yes ☐   No ☒     Billing Information (complete if uninsured)

| Medicare B Number | | Last 4 SSN | [redacted] |
|---|---|---|---|
| Name as it appears on card | | ID Info | [redacted]   State: |

| Screening Questionnaire. Ask or contact the pharmacist for any assistance. | Yes | No |
|---|---|---|
| Do you feel sick today? (For example: a cold, fever, or acute illness) | ☐ | ☒ |
| Have you ever received a dose of COVID-19 vaccine? If yes, what product did you receive and when? | ☐ | ☒ |
| Moderna ☐ Pfizer ☐ Janssen (Johnson & Johnson) ☐ Another product:           Date: | ☐ | ☒ |
| Have you ever had an allergic reaction to: *(This would include a severe allergic reaction (e.g., anaphylaxis) that required treatment with epinephrine or EpiPen® or that caused you to go to the hospital. It would also include an allergic reaction that occurred within 4 hours that caused hives, swelling, or respiratory distress, including wheezing.)* | | |
| • A component of the COVID-19 vaccine, including either of the following: <br> o Polyethylene glycol (PEG), which is found in some medications, such as laxatives and preparations for colonoscopy procedures <br> o Polysorbate, which is found in some vaccines, film coated tablets, and intravenous steroids | ☐ | ☒ |
| • A previous dose of COVID-19 vaccine | | ☒ |
| • A vaccine or injectable therapy that contains multiple components, one of which is a COVID-19 vaccine component, but it is not known which component elicited the immediate reaction. | ☐ | ☒ |
| Have you ever had an allergic reaction to another vaccine (other than COVID-19 vaccine) or an injectable medication? *(This would include a severe allergic reaction (e.g., anaphylaxis) that required treatment with epinephrine or EpiPen® or that caused you to go to the hospital. It would also include an allergic reaction that occurred within 4 hours that caused hives, swelling, or respiratory distress, including wheezing.)* | ☐ | ☒ |
| Have you ever had a severe allergic reaction (e.g., anaphylaxis) to something other than a component of COVID-19 vaccine, or any vaccine or injectable medication? This would include food, pet, venom, environmental, or oral medication allergies. | ☐ | ☒ |
| Have you received any vaccine in the last 14 days? | ☐ | ☒ |
| Have you ever had a positive test for COVID-19 or has a doctor ever told you that you had COVID-19? | | ☒ |
| Have you received passive antibody therapy (monoclonal antibodies or convalescent serum) as treatment for COVID-19? When was your last dose? | ☐ | ☒ |
| Do you have a weakened immune system caused by something such as HIV infection or cancer or do you take immunosuppressive drugs or therapies? | ☐ | ☒ |
| Do you have a bleeding disorder or are you taking a blood thinner? | | ☒ |
| Are you pregnant, planning to become pregnant, or breastfeeding? | | ☒ |
| Do you have dermal fillers? | | ☒ |

**Pharmacist Use Only Section**

| Admin Date | Dose # | Lot | EXP Date | Manufacturer | Dose | Injection Site | EUA Revised Date | EUA Provided Date |
|---|---|---|---|---|---|---|---|---|
| 6/11/21 | 1 | 000C21A | 10/31/21 | Moderna | 0.5 mL | IM ☐ R Deltoid | 3/24/21 | 6/11/21 |

Copy sent to provider: YES ☐ NO ☐   Certificate of Immunization given to patient: YES ☐ NO ☐   Dose #2 Date:

Registry checked to confirm COVID dose number/product: YES ☐ NO ☐     Date:       Product:       Dose #2 Time:

I have reviewed the Vaccine Screening Questionnaire to determine the patient for potential contraindications and precautions to the vaccines being
administered today. I have confirmed vaccine requests and scheduling for the patient. RPh initials:

Pharmacist/Intern/Technician Name: Kimberly Terry Pharm.D     Title:       Date: 6/11/21

Pharmacist/Intern/Technician Signature:       NPI:

**Informed Consent:**

Patient Name: _Michael Roeder_     DOB: _4-17-78_

**Emergency Use Authorization:** The FDA has made the COVID-19 vaccine available under an emergency use authorization (EUA). The EUA is used when circumstances exist to justify the emergency use of drugs and biological products during an emergency, such as the COVID-19 pandemic. This vaccine has not completed the same time of review as an FDA-approved or cleared product. However, the FDA's decision to make the vaccine available under an EUA is based on the existence of a public health emergency and the totality of scientific evidence available, showing that known and potential benefits of the vaccine outweigh the known and potential risks.

**Consent:** I have been provided and have read, or had explained to me, the patient fact sheet corresponding to the COVID-19 vaccination given to me (or the person named above for whom I am authorized to make this request and provide surrogate consent). I understand that if this vaccine requires 2 doses, 2 doses of this vaccine will need to be administered (given) in order for it to be effective. I have been given the opportunity to ask questions which were answered to my satisfaction (and ensured the person named above for whom I am authorized to provide surrogate consent was also given a chance to ask questions). I understand the benefits and risk of the vaccination, and I voluntarily assume full responsibility for any reactions that may result. I understand that I should remain in the vaccine administration area for at least 15 minutes and may need to remain for 30 minutes (if required based on answers to screening questions above) after the vaccination to be monitored for potential adverse reactions. I consent to the emergency administration of epinephrine and/or diphenhydramine, if necessary, to treat an adverse event following vaccine administration. I understand that if I experience side effects that I should do the following: call pharmacy, contact doctor, or call 911. I request that the COVID-19 vaccination be given to me (or the person named above for whom I am authorized to make this request and provide surrogate consent). I understand that any monies or benefits for administration the vaccine will be assigned and transferred to the vaccinating provider, including benefits/monies from my health insurance plan, Medicare, Medicaid or other third parties who are financially responsible for my medical care. I understand that Giant/Martins Pharmacy may be required to or may voluntarily disclose my health information to my Primary Care Physician (if I have one), my insurance plan, health systems and hospitals, and/or state or federal registries, for purposes of treatment, payment, or other health care operations (such as administration or quality assurance), I also understand that Giant/Martins Pharmacy will use and disclose my health information as set forth in the Notice of Privacy Practices (copy is available in-store, online, or by requesting a paper copy from the pharmacy).

Patient Name (Printed): _M. Michael Roeder_

X_ _Michael Roeder_        Date: _6-1-21_

*Signature of Patient or Patient's Personal Representative *A Personal Representative is someone who has legal authority to make healthcare decisions on the behalf of the patient.*

Patient Guardian (please print): _N/A_        Guardian Type: _____

GIANT
PHARMACY

MICHAEL ROEDER
201 HILL RD.
CHERRY VALLEY, PA 18034

VACCINATION ADMINISTERED BY PHARMACIST

Case ID: 220300295



# EXHIBIT "C"

Case ID: 220300295

03/08/2022  12:20PM (GMT-05:00)

## COVID-19 Vaccination Record Card

Please keep this record card, which includes medical information about the vaccines you have received.

Por favor, guarde esta tarjeta de registro, que incluye información médica sobre las vacunas que ha recibido.

| Last Name | First Name | MI |
|---|---|---|
| Roeder | Michael | A |

Date of Birth ▓▓▓▓▓▓▓▓▓▓  Patient number (medical record or IIS record number)

| Vaccine | Product Name/Manufacturer Lot Number | Date | Healthcare Professional or Clinic Site |
|---|---|---|---|
| 1ˢᵗ Dose COVID-19 | Moderna MM1C21A | 06 11 21 mm dd yy | Cresent Leah Oil |
| 2ⁿᵈ Dose COVID-19 | | / / mm dd yy | |
| Other | | / / mm dd yy | |
| Other | | / / mm dd yy | |

### Reminder! Return for a second dose!
### ¡Recordatorio! ¡Regrese para la segunda dosis!

| Vaccine | Date / Fecha |
|---|---|
| COVID-19 vaccine Vacuna contra el COVID-19 | 07 09 21 mm dd yy |
| Other Otra | / / mm dd yy |

Bring this vaccination record to every vaccination or medical visit. Check with your health care provider to make sure you are not missing any doses of routinely recommended vaccines.

For more information about COVID-19 and COVID-19 vaccine, visit cdc.gov/coronavirus/2019-ncov/index.html.

You can report possible adverse reactions following COVID-19 vaccination to the Vaccine Adverse Event Reporting System (VAERS) at vaers.hhs.gov.

Lleve este registro de vacunación a cada cita médica o de vacunación. Consulte con su proveedor de atención médica para asegurarse de que no le falte ninguna dosis de las vacunas recomendadas.

Para obtener más información sobre el COVID-19 y la vacuna contra el COVID-19, visite espanol.cdc.gov/coronavirus/2019-ncov/index.html.

Puede notificar las posibles reacciones adversas después de la vacunación contra el COVID-19 al Sistema de Notificación de Reacciones Adversas a las Vacunas (VAERS) en vaers.hhs.gov.